Hopkins and Smith *v.* Grissom.

---

## HOPKINS and SMITH *v.* JOHN GRISSOM.

The attachment act (Hutch. Code, 803, § 13) provides, that before a person can sue out an attachment against the effects of his debtor, he must make oath before a justice of the peace, that the debtor is indebted to him in a sum within the jurisdiction of the justice; and that said debtor hath removed, or is removing out of the county wherein the debt was contracted, or so absconds or conceals himself, that a warrant cannot be served on him.

The affidavit in this case is defective, because it does not state that the defendant had removed out of the county in which the debt was contracted, or that the debt was contracted in the county where the attachment was issued.

The remedy by attachment is out of the ordinary course of proceeding; and

every requisition of the statute must be strictly complied with, or the proceeding will be irregular and void.

In error from the circuit court of Tippah county; Hon. Hugh R. Miller, judge.

The facts are contained in the opinion of the court.

*Cushman, Price,* and *Jackson,* for appellants,

Contended that the requisitions of the statute had been substantially complied with. To put the construction on the attachment act (Hutch. Code, 803, § 13), under which this proceeding was taken out, which the court below did, would make the act a local, not a general act. It certainly was not intended to confine the operation of this act to any particular locality within the limits of the State. It would deprive a man of its benefits who might have obligations executed to him in one county, and then removed to a distant county in the State in which his debtors resided, unless he should return to the county where the obligations were made, and then perhaps his debtors might have no effects in that county to attach. This would make the law a nullity to a certain class of creditors, and an absurdity within itself.

The distinction between a warrant used in the statute and "ordinary process," is a distinction without a difference, and certainly is not supported by sound reason.

No counsel for appellee.

Mr. Chief-Justice SMITH delivered the opinion of the court.

This suit was commenced by attachment sued out from a justice's court in the county of Tippah. The affidavit on which the attachment issued alleged, that John Grissom, the defendant, had removed out of the said county, as affiant had reason to believe, and did believe, so that the ordinary process of law could not be served upon him. After judgment was rendered for the plaintiffs, the cause was removed, by *certiorari,* into the circuit court; in which, upon motion of the defendant, the attachment was quashed, for want of a sufficient affidavit.

The attachment in this case was issued under the 13th section of the statute regulating the proceedings in attachments against absconding debtors (Hutch. Dig. 803). According to the provisions of that statute, a person, before he can sue out an attachment against the effects of his debtor, must make oath before a justice of the peace, that his debtor is indebted to him in a sum within the jurisdiction of said justice; and that such debtor hath removed, or is removing out of the county wherein the debt was contracted, or so absconds or conceals himself, that a warrant cannot be served on him.

The affidavit upon which the attachment issued does not, therefore, pursue the statute in this; it does not allege that the defendant had removed out of the county in which the debt was contracted, or that the debt was contracted· in the county where the attachment issued.

The remedy by attachment is out of the ordinary course of proceeding; and was designed to be applied only in cases of emergency specified in the statute. Every requisition of the statute must hence be strictly complied with, or the ·proceeding will be irregular and void. It is expressly required that the attaching creditor shall make oath, that the debtor has or· is removing out of the county where the debt was contracted, before he shall be entitled to this remedy. We may not readily perceive the expediency of confining it to debts contracted in the county; but as the direction is express, we do not feel authorized to disregard it. We are bound to consider that an essential condition which is expressly required by the law.

Judgment confirmed.